## THE STATE *vs.* VITTUM.

Where an indictment alleges that the defendant, at, &c., committed adultery with one L. W., without any farther designation; and it appears that there are in that town two individuals of that name, father and son, and that the latter uses the addition of "junior" to his name, and is thereby well known and distinguished from his father; the respondent has the right to understand that the offence is charged to have been committed with the father, and evidence of adultery with L. W., junior, cannot be admitted under such indictment.

INDICTMENT, alleging that the respondent, on the 31st of January, 1828, married Amasa C. Vittum, and afterwards, during the life-time of her husband, was guilty of adultery with one Levi Wallace, on the 10th of August, 1837, at Sandwich, in said county.

The government introduced evidence to show that the respondent committed adultery with an individual usually called and known as Levi Wallace, junior, of said Sandwich, there being in that town another person of the name of Levi Wallace, the father of Levi, junior.

To this testimony the respondent objected, and, after verdict, moved for a new trial, on account of its admission.

*Hobbs*, and *Bartlett*, for the respondent, cited 3 *Stark. Ev.* 1578–1580 ; 5 *Taunt.* 814, *Bingham* vs. *Dickie ;* 1 *Marshall* 477 ; *Roscoe's Crim. Ev.* 82 ; 1 *East's P. C.* 415 ; 2 *East's P. C.* 514 ; 1 *Moody* 303 ; 1 *Salk.* 7, *Lepiot* vs. *Browne ; Com. Rep.* 260, *Hussey* vs. *Hussey ;* 3 *Pick.* 262, *Com'th* vs. *Hall ;* 1 *ditto* 388, *Com'th* vs. *Perkins ;* 13 *ditto* 363, *Com'th* vs. *Pray.*

*Gove*, A. G., for the state, cited 2 *Caines' R.* 164, *Jackson* vs. *Prevost ;* 2 *Hawk. P. C.*, ch. 23, sect. 106 ; 15 *Mass.* 469, *Jewett* vs. *Burroughs ;* 16 *Mass.* 146, *Com'th* vs. *Dedham.*

Parker, C. J. It is objected that the indictment, upon the evidence that there were two individuals of the name of Levi Wallace, in the town of Sandwich, must be understood to charge adultery with Levi Wallace the elder, and that evidence of adultery with Levi Wallace junior is inadmissible ; and we are of opinion that this objection must prevail.

It is undoubtedly important that an individual accused of crime should have, by means of the indictment, as specific information of the crime with which he is charged, as the nature of the case will admit. The constitution provides that " no subject shall be held to answer for any crime or offence until the same is fully and plainly, substantially and formally described to him ;" and if the crime is one which can only be committed by participation with another, there can be no doubt that the individual with whom it is alleged to have

been committed, should be specified, if known ; and in no such case should there be an allegation that the crime was committed with one individual, and evidence admitted to show that it was committed with another. The averment is material. *Roscoe's Crim. Ev.* 82 ; 1 *East's P. C.* 415 ; 2 *East's P. C.* 514 ; 3 *Stark. Ev.* 1578.

The question then is, whether, on the circumstances disclosed in this case, the respondent is informed by this indictment that she is accused of adultery with the individual to whom the evidence related, or whether she is in fact informed by it that she is accused of intercourse with Levi Wallace, the elder.

There can be no doubt that evidence to prove that the respondent had been guilty of adultery with Levi Wallace, the elder, must have been admitted, if it had been offered on the trial of this indictment. If evidence of adultery with Levi Wallace, junior, was rightfully admitted, it would present a case, where proof that the respondent had been guilty of the offence with either one of two individuals might be offered under an indictment which charged an offence with one only. That cases of this kind may occur there is no doubt. Where there are two or more individuals of the same name, residing in a town, who have no usual addition to designate one from the other, it may result from the nature of the case.

And perhaps the same may be true where there is merely a territorial designation, sometimes used to distinguish different individuals of the same name, but not used by either of them for that purpose. 8 *Conn. R.* 203, *Coit* vs. *Starkweather.* But where there are two persons of the same name, father and son, residing in the same town ; and the latter uses a well known addition to his name, as "junior," or "younger," to designate him from his father, and he is usually known by such designation, we are of opinion that an indictment, in order to allege any offence as committed with him, or upon him, should connect with his name the ordinary addition which is, by himself and others, used to distinguish

him from his father; and that in the absence of such addition the indictment must be understood to allege the offence to have been committed with, or upon, the latter. " If father and son are both called A. B., by naming A. B. the father *prima facie* shall be intended." *Per Holt, C. J.,* 1 *Salk. R.* 7, *Lepiot* vs. *Browne;* 1 *Stark. R.* 106, *Sweeting* vs. *Fowler;* 2 *Stark. Ev.* 239. It is said by Chief Baron Comyns, in a note to *Hussey* vs. *Hussey,* that " there is no need of any distinction but where there is father and son of the same name." *Com. R.* 261; *see, also, Com. Dig., Abatement, F.* 21; 10 *Mass.* 205, *Kincaid* vs. *Howe.* But in *Wilson* vs. *Stubbs, Hobart's R.* 330, *a,* the principle is stated generally, that "the defendant being named Ralph Stubbs, without addition, shall never be accounted the younger, but always the elder of the two of that name." In *The King* vs. *Peace,* 3 *Barn. & Ald.* 579, the indictment was for an assault on E. E. It appeared that there were two persons of that name, mother and daughter, and that the assault was on the daughter, and it was held sufficient. This seems to be somewhat in conflict with the preceding cases, but it is perhaps not to be regarded as settling the law there in the case of father and son. 7 *Car. & Payne* 364, *Rex* vs. *Bailey, and case cited by Mr. Justice Williams.* In the case of The King *vs.* Peace it did not appear, as in the present, that there was any usual designation of the daughter as junior, or younger.

The words junior, &c., in the case of father and son, although strictly speaking not a part of the name, become so connected with it that they serve to designate the son from the father, as much as christian names ordinarily distinguish individuals bearing the same surname, from each other, and much more oftentimes than middle names do. 1 *Pick.* 388; 3 *Pick.* 262.

Upon an indictment alleging that the respondent committed adultery with Carolus Wallace, proof would not be admitted of adultery with Charles Wallace, whether there were in fact two individuals in the town well known and

distinguished from each other by those different names, or not.

Whether the rule, that where there is no addition, the elder of two persons of the same name is *prima facie* to be intended, is to be limited to the case of father and son, as suggested by Comyns, it is not important now to decide.

Where a person, who is not a party to the proceedings, is named in an indictment, there is no opportunity to plead abatement, and the objection to a misdescription, or variance, where one exists, is well taken at the trial.

The respondent in this case cannot be supposed to know the individual intended to be designated, except from the indictment. Whatever knowledge she may have had otherwise, she has the right from that to understand that she is accused of adultery with the person usually known and designated as Levi Wallace, it appearing that the son of the same name is usually known and designated as " Levi Wallace, junior."

Upon this ground the objection to the evidence is not only sustained by several of the authorities before cited, but is not in conflict with the case of The King *vs.* Peace.

It is evident that there may be cases in which no description farther than the name of the individual can well be required, and in which the respondent, if surprized by the testimony offered, must rely upon an application for delay.

*Verdict set aside.*